## TARBET v. THORP.

### RINEHART v. SAME.

Nos. 21, 22 Civil.

District Court, W. D. Pennsylvania.
Aug. 5, 1940.

Hosbach & Gleeten, of Erie, Pa., for plaintiffs.

English, Quinn, Leemhuis & Tayntor, of Erie, Pa., for defendant.

GIBSON, District Judge.

Above entitled cases were tried together, and in each the verdict was in favor of the plaintiff. The defendant has moved for judgment n. o. v. and for a new trial in each case.

The accident which led to the actions occurred at the intersection of two roads in Erie County. In it the plaintiff Rinehart was personally injured, and the truck-trailer of the plaintiff Tarbet was burned, with the merchandise carried by it.

As usual, the stories of plaintiffs and defendant differed widely in respect to the cause of the accident. The defendant alleged that he was proceeding at a moderate pace upon one highway and, after giving a signal of his intention to do so, undertook to turn left into the other road when his small automobile was grazed by plaintiff's rapidly moving truck, which thereupon swerved from the road and down to the place where it later burned. Under the facts as asserted by defendant, the driver of the truck, plaintiff Rinehart, was guilty of negligence per se in that he was violating the Pennsylvania Act of June 29, 1937, 75 P.S.Pa. § 543 (c), which prohibits a driver of a motor vehicle from overtaking and passing any other vehicle proceeding in the same direction at any intersection of highways.

But the plaintiff Rinehart's version of the cause of the accident was not that of the defendant. He asserted that he (Rinehart) was driving at a very moderate rate of speed, and as he approached the intersection he saw defendant partly pull off the paved part of the road to his right and stop his car; that thereupon plaintiff proceeded to pass him, but defendant suddenly, and without any warning whatsoever,

started his car in an evident attempt to turn to his left into the intersecting highway; that in so doing he struck plaintiff's truck which was about to pass him, deflecting it from the road. If the story of the plaintiff was correct, the defendant was not "proceeding" at the time plaintiff undertook to pass him at the intersection, and was not guilty of a violation of the Pennsylvania statute.

The jury found the facts as claimed by plaintiff, and we see no reason for interference with its function. Therefore the motions for judgment for defendant and for a new trial must be refused.